Case number 243760, Michelle Scoggins v. Menard, Inc., et al. Oral argument not to exceed 15 minutes per side, with 10 minutes for the plaintiff, 5 minutes for the amicus, and 15 minutes for the defendants. Mr. Spiker, you may proceed for the appellants. Good morning, your honors. May it please the court, I'm reserving three minutes for rebuttal. Good morning. So, the EFAA presents a lot of issues that courts are currently wading through and that this court will eventually have to sort through. I don't think we have to do any of that work today or on this case. The record is plainly clear. Ms. Scoggins, not only did she fail to elect to enforce the EFAA, she affirmatively elected to proceed to arbitration. Quoting from her memorandum in opposition, quote, The court should stay proceedings against Menard and compel arbitration as to all claims against Menard. She again repeats the same thing multiple times, quote, In sum, the court should stay proceedings against Menard and compel arbitration for plaintiff's claims against Menard. I think the district court wrote a perfect analysis for five pages and then the seven pages that followed analyzing the EFAA opened a can of worms that none of the parties here asked to wade into. I think this resolves on simple issues that Ms. Scoggins said send these things to arbitration. That was her election. That was her choice. I'm sorry. Do I understand correctly that those sentences came in a context where she was saying yes, okay with Menard's but not with the individual? Yes, Your Honor. So in the underlying briefing, and it's not on appeal here, Ms. Scoggins took issue with whether or not Mr. Nelson, the individual supervisor, was a party to the arbitration agreement. Neither party raised the EFAA in the below proceedings. The court addressed that sua sponte. And I think the plain language of that statute prohibits a court from raising it sua sponte because it is at the plaintiff's election. Can I ask you a question? Maybe you're learning something about how this statute works because it's fairly new to me. It's obviously the election language is giving agency to the individual. And we know from, say, the union context that you don't always want to go to federal court. Arbitration can be the best thing you ever wanted. So this goes all over the map. Is it possible – does the individual have authority to elect one claim, a sexual harassment claim, go to federal court and then say, but I have an equal pay claim and I want to – that's going to go to arbitration. In fact, I want it to go to arbitration. In other words, forget the word case. Does the individual have the choice to split it up on the theory – I mean arbitration, some people prefer. It's fast. It's cheaper. They split the baby, whatever one's assumptions about arbitration. Can someone do that or is it all or nothing at all at the outset, not down the road? And I know the word case and the complications with that. But it's very strange to me. I mean with the cruel, they talk about claim. So there certainly are some claims, and it would seem wild to me to say the plaintiff couldn't if they wanted pick one. So I think they can potentially pick one to the extent that they're picking the sexual harassment claim, right? If I'm understanding Your Honor's question, and I apologize if I'm not, they can elect on the sexual harassment claim. And what I think you're discussing goes to my third assignment of error. The non-sexual harassment claims, they have to be compelled to arbitration under traditional principles of the Federal Arbitration Act. Am I misunderstanding the question? What I'm trying to figure out is if the statute gives the plaintiff the choice. I think the statute gives the plaintiff the choice to split up the claims and put some in arbitration and some in federal court. Forget this case. I'm just like in the abstract. Can you do that? I don't believe so if I'm understanding the question and the scenario. I think the plaintiff has a choice only as it pertains to sexual harassment or obviously sexual assault claims. And they can elect to put those in. That basket of claims goes one direction or the other. So they stay together is what you're saying. How about as to individual defendants? Could they have a claim against Menard in one place and a claim against Nelson in another? Again, I'm not paying attention to what happened below. Are they both sexual harassment claims against the individual? Yes, yes. They all go to travel together. I think so. Okay. I'm not saying that's crazy. So then how does it work with a – so you can imagine an Equal Pay Act claim, which is definitely outside the statute but could also be related that it would be within a case. Now, do those all travel together? Again, hypothetically, the plaintiff wants the Equal Pay Act claim in front of an arbitrator. They're like, I love arbitration and they're particularly good with these claims. Could they do that? I think so. I think what the law does, it allows – in the scenario you said, I don't think they could do the reverse. I don't think they could keep the equal pay in federal court against the arbitration agreement because of this, because it has no mechanism to allow them to do that. I think it gives them agency. Because the statute is about sexual harassment and sexual assault. Equal Pay Act is a separate problem. I think the Federal Arbitration Act, and I'm getting into other assignments, it's never been afraid of piecemeal litigation. In fact, it's encouraged piecemeal litigation. It's the one area of law where federal courts have consistently said, look, this may be duplicative, but claims that are subject to arbitration, we're going to split them up even if it causes us to go on parallel tracks and do duplicative work. That is the nature of the law. The law itself was enacted to ensure those rights could be enforced. Does it matter that the statute uses the word case? I don't think so, Your Honor. And the reason I say that is because you have to read the amendment in the context of the statute that it's amending. The Federal Arbitration Act, the purpose of that, the full legislative purpose dating back to the Supreme Court case that decided this issue, and the name is escaping me off the top of my head. But it decided that we can separate these things, and they should be separated when that is possible. And the whole purpose of the Federal Arbitration Act is to ensure that arbitration agreements can be enforced even if it leads to some weird procedural postures. You say that the plaintiff never did object to sending it all to arbitration. Your Honor, I'm not saying that. I'm going a step further. Not only did she not object, we agree that Ms. Scoggins had a choice. And it's clear through the pleadings what choice she made when she was presented with that choice. A motion to compel arbitration was filed. Would you like arbitration? Would you like federal court? Ms. Scoggins says, quote, the court should stay the proceedings against Menard and compel arbitration. That's her choice. That's what the record reflects. She made her choice. The act in the amendment gives her agency over sexual harassment claims. It doesn't wipe out the entire 40-year history of jurisprudence on the Federal Arbitration Act and the general principles that we can do piecemeal litigation. We should separate these things to protect the interest. The purpose of the Federal Arbitration Act is still the original purpose of the Federal Arbitration Act. The ending forced arbitration for sexual assault claims gives agency over a very narrow, nothing in that legislative history, nothing in that legislative analysis, nothing in the case law says that we are wiping out the old Federal Arbitration Act. It's still there. It's still part of the code. This is just an additional caveat that provides a different route for this very specific claim. But, I mean, it's curious because certainly Congress uses the word claim or claims in other places. I mean, this is case, which seems to reflect an intent to keep the case out of arbitration. So it's one word in a narrow amendment, and I agree. The use of that word is odd. But if we were to take that one word in a narrow amendment that focuses on a particular subset of claims and use it to completely destroy the purpose of the FAA, which is to give parties rights to enforce those agreements, I think that's an absurd outcome. But why haven't you already answered this by your answers to me before, which pushed back? In other words, you said you don't have choices. It's all or nothing at all if there's sexual harassment, sexual assault, and all of the defendants go together. That's the case. So everything that counts as sexual harassment, sexual assault claims, whoever the defendants are, that case goes one place or the other. Now, that does not tell you what you do with a separate claim such as equal pay, which is clearly not what the statute's about. So the word case is accommodating the point that you can't split up defendants. Nelson, you arbitrate. Menard, you go to federal court. So what am I missing? I thought that was the point of my ‑‑ and I thought you were being helpful. You were pushing back on me. And maybe we were miscommunicating and misunderstanding which points we were talking about. I think the use of the term case is confusing. And I agree with the panel that the term case suggests that it's an all or nothing proposition because it's not claim. It's a specific word. It's an odd word in placement. But if you play that out to its logical conclusion, it's an absurd outcome because what it does is it destroys the underlying act that it's amending. Right? The FAA has ‑‑ Let's shift to just one other thing. What's your response to ‑‑ I don't know if I have it right. Memer? I want to make sure you know what I'm asking. So obviously that's an important case. And, you know, this whole question of what dispute means, do you think that decision kind of eliminates the arguments about accrual? Should we just kind of say that takes care of that? I mean, I'll tell you why it suggests it does. Because, you know, in that case, I think it's like nine months earlier, the person had left the company. And the court said we're not deciding that, you know, you can't bring this claim. And this one, you know, it strikes me as a little harder for you. So I'm just curious if you think we should just ‑‑ this isn't worth dealing with given Memer. Or no, you say, no, here's what we would argue even after Memer. Candidly, the accrual dates, that was my weakest argument before Memer. In light of Memer, it's an exceedingly ‑‑ Let's not waste our time. The only point I would make is that we're not withdrawing the argument because Memer is obviously still within the span where it could be further repealed en banc and everything. But if I were in your seats, I would not waste much time on my second assignment of error, especially because I think my main point is on number one, we don't have to get into any weighty issues. They argue that the act gives her a choice in agency. I agree, and I say look at the plain text of what she said. The court should say proceedings against Menard's and compel arbitration against all claims against Menard's. I'm just checking out your light. I'm so sorry. If I could make one quick point. And in this case, the ‑‑ and I don't know if this goes to your point, Your Honor. The separation here for Menard and Mr. Nelson, they weren't trying to ‑‑ and I know you were talking in a vacuum. We weren't trying to send Menard and Mr. Nelson to separate places because of the EFAA. That was because of an issue that's not on appeal. They were saying Mr. Nelson was not a part of it. Don't worry. Got it. All right. Let's hear from the other side. Thank you. Good morning. Good morning. May it please the court. Tony Majorano on behalf of Plaintiff Appellee, Michelle Renee Scoggins. I'd like to first respond to my appellant's counsel that their contention is that the word case is confusing or odd. I think it's intentionally broad. In response to the questions I was asking, it goes beyond a case involving, you know, all the same defendants that were involved in the sex harassment or assault and those claims all ‑‑ because I was trying to figure this out and thinking, well, maybe case is capturing all of that, but it wouldn't capture, say, an Equal Pay Act claim, which is clearly what the statute is not about, but of course could arise as a related claim that you would otherwise say is a case of controversy. So you say no to that? I think an Equal Pay Act claim could ‑‑ Be part of the case? Could be part of ‑‑ Wow. So you have to go to federal court and the arbitration agreement is defunct as to an Equal Pay Act claim for a statute about sex harassment. If there's a sexual harassment claim within the complaint. Is this case brought under the Equal Pay Act? No, it's not. I think there are scenarios like if my client had a car loan with Mr. Nelson, the individual defendant, I think if they had an arbitration agreement, that probably would stay outside and have to be arbitrated. But let's go to the election thing. I'm inclined to agree with your brother counsel that that's the key question there. I absolutely agree. I think the entire appeal hinges on whether or not an election was made and how an election is made and whether or not my client did it in this case. I'll put on the table something to shoot at. So here's what I want you to shoot at. So what seems really problematic to me is this assumption that I think we sometimes have with statutes like this. We're deciding as a value judgment you always want to go to federal court. Everything you do that suggests you want to go to federal court has to be treated as wanting to go to federal court, which strikes me as incredibly demeaning to individual litigants. They may prefer arbitration. They may prefer federal court. That's exactly why such a big word is here. And it's true, the action of filing an initial lawsuit, I guess, in state court might suggest you don't want to arbitrate, but I actually think it's quite possible the person didn't remember the arbitration agreement, didn't know about the federal statute, and so was just doing what people do when they have a problem. As soon as she's reminded of the arbitration agreement, she's certainly not electing federal court. I think the only thing you can say is she's either waiving federal court or saying, okay, fine, I think I should arbitrate the claim against Menard but not against Nelson. But then the very big problem is the district court rejects that, that you can split that up, and you're not cross-appealing Judge Marbley's decision about the Nelson claim. He's agreeing that the arbitration agreement would cover both. So it just seems like a straight-up election to arbitrate. I don't understand how it could be anything else. So it depends on when election occurs. So if election occurs at the moment of filing, which we believe is the case, then the pre-arbitration dispute is no longer valid or enforceable as long as there's a sexual harassment claim in it. That's what the language of the statute says. As long as an election is made. But why would you assume filing in court proves you're electing to go to federal court? Well, I didn't want to go to federal court. I wanted to go to state court, but they have the right to remove it. If an individual doesn't know about the EFAA, it's just as likely they don't remember the arbitration agreement they signed. So it just doesn't – the act of filing by itself, I don't understand how that's an election. I don't think you have to specifically say I'm going to elect under the EFAA. I think that's too narrow, Your Honor. I think opposing – at a minimum, opposing arbitration in general. Let's just say you're right. Filing in state court is enough. But then if you waive, that's a waiver. If you think waiver is applicable, I'd ask that you remand it to the district court to determine that in the first instance because that involves a factual determination by the district court. I don't see what is confusing about what was said. I mean it was just crystal clear. The only thing that wasn't clear was Nelson. But then that gets resolved. So, Your Honor, because Mr. Nelson did – we're opposing it for Mr. Nelson, I do agree that the case language requires an all-or-nothing approach as to whether or not the EFAA applies. And that gets resolved by Judge Marabli as Nelson and Menard travel together. And I think, Your Honor, I think that because the district court analyzed, as memo requires, that whether or not Congress made this a requirement to not arbitrate, whether Congress gave the district court the power to enforce the arbitration agreement under the Federal Arbitration Act, the district court was required to engage in that EFAA analysis. Wait, let's just make sure we've got this – we're on the same page here. You're saying the act puts district court judges in charge of elections? Not in charge of elections. In charge of whether or not the EFAA applies. In charge of what? If the Federal Arbitration Act is alleged to – like if a motion to compel is filed, the district court has a duty to determine whether or not Congress intended the claims to be arbitrable. Without regard to what the individual wants? The individual elects to do something, I believe, when filing in a court. If Ms. Goggins wanted to arbitrate, we would have gone to arbitration. Let's just say it's not – it's just a totally different case. No one files anywhere – well, I guess they have to file for something to happen. And the district court judge says, I've looked at this. It's a sexual harassment claim. The EFAA applies. We're doing it here. The plaintiff stands up and says, I want to arbitrate. You would agree – There's nothing – You would agree the district court judge would have to honor that? There's nothing stopping my client from entering a post-dispute arbitration agreement. The act only prohibits that. No, no, no. Just answer my question. My question is outside – I don't believe that once the election is made, the district court has the power to enforce. Your opponent says, from what I understand, that the plaintiff elected to go to arbitration on the whole thing. That's not – No, not on – my client opposed as to Bill Nelson, and because – But does not – that argument is gone. You're not cross-appealing that. Your client did not oppose as to Menard. So my – Opposed as to Nelson, and the district court ruled against you on that effort to divide things up, and you didn't cross-appeal that ruling. And, I mean, the district court ruled against me in regard to the first prong of the FASIO determination that we agreed to arbitrate with – And you did not cross-appeal. So we agreed to arbitrate with Bill Nelson, and we're not appealing that we didn't agree to arbitrate in the first instance. We're defending the district court's determination that because we opposed it, the district court came to the right conclusion that the EFAA applied. Without regard to election. He never mentions the word election. The only election is by the district court judge. I mean, that's what's so astonishing about this case. And judge – And I think your argument – just to make sure, your argument is the district court judge can do the election because it's jurisdictional. And the way this statute works is as soon as the district court realizes the act applies, they've got to apply it regardless of the individual's wishes. If based on the complaint and the actions of the plaintiff or the party in opposition to arbitration, I believe that's correct. I just have to get this question because I can't get the answer. Put this case to the side. This is a new case. It starts tomorrow. It's an arbitration agreement. It's just one person. There's no debate about company versus individual. They've signed the arbitration agreement. They don't raise EFAA in their case. The district court judge says, no, wait a second. The EFAA covers this. We are doing this in federal court, and I'm not enforcing the arbitration agreement. The plaintiff at that point says, judge, I want to go to arbitration. It's cheaper. It's faster. For me, it's more trustworthy. Can that wish be honored or does the judge kind of on a jurisdictional basis say, no, I've got to honor Congress's wishes? Congress wants these things in federal court. I think – Which is the answer? I think new prime – Just give me the answer. I think the district court has a duty to say, no, if you want to do that, make a new arbitration agreement. That is what I believe the plain language of the statute says. So it does require the court to handle the case in federal court over the wishes of the plaintiff. Okay, I got it. I got it. But no, no, no. I was just trying to get – My time was up. I was trying to get my question. Judge White has more questions. Yes. Okay. Did you just say that the judge can insist that it go – that it stay in court over the plaintiff's objection? The judge can't use the Federal Arbitration Act to send the case to arbitration. The parties can separately agree to go to arbitration, however. Okay, so let's go back to this election. When did you elect under the statute? When my client filed her claims in the Fayette County Court of Common Pleas in January of last year. That is when the election happened. So you said the filing was the election. Correct. Then what – I'm sorry. What do you do with the statement that you send it to arbitration with respect to minors? Was that a withdrawal of the election? Candidly, Your Honor, the – it was intended to be an acquiescence to the fact that these were arbitrable. That what? It was intended to be an acquiescence that these claims were arbitrable. But – But can we talk about the reality now?  Apparently, this fairly new provision wasn't in anybody's minds until Judge Martley mentioned it. Correct. Okay. And at that point, you – did you elect then or are you saying you had already elected? We had already elected. Under – okay. And if there were a hypothetical – when do you think – do you think once you file, you're locked in to litigating in the court? Or is there a point after which – is there a time period in which a plaintiff can elect? I think the time period in which a plaintiff can elect, and this is true with arbitration as well, there's – as long as you choose the forum, once the forum is chosen, you have elected to do something. Now, there's nothing stopping me from going over to Mr. Spiker and saying, hey, I want to go arbitrate today and say, let's dismiss this appeal.  But that's a matter of agreement. Is that what you're saying? That once you file, you have elected, and of course, you in the – you know, you can agree to something else, but that's the election. Yes. Okay. Senator, did you have a question? Well, that's just what I was going to say. Did you need to have a separate pleading say, we want to go to this procedure or that procedure? I think if an arbitration agreement was done after the claims accrued, then we wouldn't have this. If an arbitration agreement happened after the election was made, we wouldn't have this issue. But once we filed in court and no additional arbitration agreement has been formed, we're in court. Okay. Thank you. Thank you. For your rebuttal. Oh, I'm sorry. Yeah, sorry about that. That makes you nervous, doesn't it? Thought I moved for argument. Good morning. Sorry. Good morning. I'm Shelby Leighton for Amici. I'll start with the election issue because there's been a lot of discussion about that today. I think it's important to distinguish between the two separate issues, the initial election within the meaning of the EFAA, and then any – after that election, any subsequent potential waiver or forfeiture of arguments regarding arbitrability. So here, Ms. Scoggins made an election to proceed in court when she filed her case in court rather than arbitration. There's no dispute that she wants to be in court. We're here on this appeal. And then second, after she made that election, she may have waived the argument that her claims against Menard should proceed in court by conceding that they were arbitrable. Can I just pause on that point? Because you seem to be understanding our conversation, so if you could just answer this question. She – we'll call it a waiver, so let's grant the idea that the election was the lawsuit. I'm not sure I agree with that, but let's just – I'll give you that. So now we say she elects, but she waives as to Menard and apparently under this theory is trying to go forward under the EFAA against Nelson, argues that in front of the district court, and the district court before even getting to EFAA says, no, no, no, no. If you're waiving because of the arbitration agreement, it covers both. So to me, what's problematic and I think quite idiosyncratic about this case is that even if we call it an election, the whole ball of wax is waived at that point. They're not cross-appealing on the Nelson point. So she's agreed to follow an arbitration agreement with one exception. She loses the exception and doesn't appeal, so we should just treat it as a waiver. I mean that allows us to assume away the election issue. In other words, the way we'd write the opinion is we'd say we'll assume for the sake of argument. We don't need to resolve today whether filing in court is an election of the EFAA. We just don't have to deal with it. What's problematic is the waiver, and that's why that's the problem here, which is a very narrow precedent. But to me, I have to say it's a very troubling case to me. Well, I think you can understand why I would call it a troubling case for how it was handled below. Well, so first of all, I don't think that she needed to cross-appeal as to Nelson to keep that issue in the case because the district court held that – But you want to do that. What you want to say is her waiver doesn't exist because of the word case. That's going to be the next move. Well, I don't think it's that the waiver – So it's a fake waiver. It's not that the waiver didn't exist. What happened is the district court held that neither claim was arbitrable – or that both claims were arbitrable under the agreement. Then it went to the next step of the Fazio v. Lehman Brothers analysis, which is whether Congress intended to keep the claims out of court. So on the – I think it's the second or the first step. It never says anything about election. It really does look like a case where the court seems to think it's up to the district court, not the individual, where the suit is filed. It's not that it's up to the district court. It's that the FAA provides limited authority to federal district courts to enforce arbitration agreements. And without that authority – So take this case, put it to the side. It's just a new case. Someone knew they have one sex harassment claim. It's covered by an arbitration agreement. The lawsuit is filed. No one invokes EFAA. No one invokes it. District court says, wait a second. The EFAA applies. I'm keeping the case. I don't care if the plaintiff wants to waive the right to go into the EFAA or not. I don't care. This is jurisdictional. Is that how one should think about it, that it really is up to the district courts, our courts? It's not that it's up to the district court. It's up to Congress. So Congress provided the district court with limited authority to enforce arbitration agreements. It doesn't say that these claims only go to federal court. It says that if a plaintiff is in a situation where there's a pre-dispute arbitration agreement and has these types of claims, the plaintiff can elect to be in federal court or in court. That's right. So if the plaintiff had filed in arbitration, they would be not electing to be in court. If they file in court, they're electing to be in court. Once they elect to be in court, then – If you do not know about the EFAA, you cannot remember you have an arbitration agreement. That's the objection to arbitration agreements. People sign them the first day. They don't even know they're there. In other words, we know there was ignorance about EFAA. You can just as easily have ignorance about arbitration. So it is possible to really for the first instance be presented with the choice when the district court realizes the EFAA applies and sua sponte raises it. That's its own set of issues. But let's just say that's okay. What I'm really puzzled by is no agency by the plaintiff. That just seems astonishing to me. Yeah, so in that situation, the pre-dispute arbitration agreement would be unenforceable. And the district court would lack the power under the EFAA to enforce that arbitration agreement, just like it lacks the power to enforce arbitration agreements for transportation workers, for example. And the district court says, you know, when you filed this suit, did you remember you had an arbitration agreement? The claimant says, ah, no, I didn't. And the district court says, you know, there's some pros and cons about arbitration. There's pros and cons about court. You're saying they can't do that, ask that question? They can certainly choose to dismiss their case from court and go to arbitration. They can choose to enter into a new post-dispute arbitration agreement that wouldn't be covered by the EFAA. What if the defendant objects? What if they filed, they made their election, turns out there's an arbitration agreement, and the plaintiff says, oh, you know, I didn't realize that. And the defense says, no, I mean, we're in court now. Then the district court lacks authority under the EFAA to enforce arbitration agreements that are not within the scope of the EFAA. That doesn't mean that the parties can't agree separately to do whatever they want, but it does mean that the district court cannot order performance of the contract anymore. And so if the plaintiff doesn't want to proceed in court, they don't have to, but they cannot have the district court enforce the arbitration agreement. And that's because the FAA is a limited grant of power to federal district courts. So if I'm a transportation worker, for example, there's an exception in Section 1 of the FAA for transportation workers. I can't go to court and ask the court to enforce an arbitration agreement because the FAA doesn't apply to me. So it would have been okay if the district court judge had said, you know, I think you all aren't aware of the EFAA applying. I just want to talk about it and just make sure what the plaintiff wants to do. It would have been okay if I'm understanding you. You didn't need to do election stuff anymore. You just say that's what happens with filing a lawsuit. But he could have said, the district court could have said, I just want to make sure everyone is doing what they want, and if you would prefer arbitration, you obviously have the choice of dismissing this lawsuit. So that would be the way of respecting the agency of the individual? Because I think that's what you just said. So you can respect their preference or willingness to go with the arbitration agreement by just saying you can always dismiss. Is that accurate? Yeah, I'm not sure the judge has to do anything, but the individual plaintiff can dismiss their lawsuit at any point. You just don't want the judge doing anything, huh? I mean, the judge has to decide whether the FAA applies to the case and whether they have authority to do what one of the parties is asking them to do, which is compel arbitration. They can't compel arbitration without that authority. And so that's just the threshold issue, as the court recognized in the member case. All right, thank you very much. Thank you. I appreciate your brief and argument. I think we now have actual rebuttal. I'd like to start by addressing what the district court had to do here. Both of my friends discussed that, and I disagree with their analysis. I do agree that Congress has restricted the federal courts and said, look, you have to make sure that these are actually subject to arbitration. And what the law actually says is the district court has to determine if there's any federal law or other reason that arbitration is blocked. So imagine you get it in and you're scanning the field. Is there anything here that blocks it? You get to the sexual harassment claim. Okay, the EFAA exists now. I need to look at that. And what the EFAA says is that this can be not subject to arbitration, but it's, quote, at the election of the person alleging conduct constituting sexual harassment, end quote. So I think the district court had a limited duty there. And the duty was to look to see if there was an election. And when the court looked at the record, not only did it not find an election, it found an acquiescence to arbitration. And again, I will quote because I think it's a little bit of a revisionist history on my friend's part. They're trying to walk around this admission that's bled throughout their pleadings that they said the court should stay arbitration. That's the election. A choice is a meaningful choice between two options. The only choice we have between two options, we can speculate about the complaint. We are here on a very odd posture. There's not a lot I can add to the record. But if you do look at my reply brief, I think it's on the 12th page, there is acknowledgment that, Judge Sutton, you're perceptive as to what may have happened, forgetting about the arbitration agreement, forgetting about I attached it to my answer, and then there was acquiescence to that. That was the choice between two meaningful options. That was when they were presented with the choice. Speculation about the complaint cannot overcome the actual choice between those two meaningful options. Just very quickly, you really don't need to comment, but the rub of the case is that they didn't know about the arbitration agreement. Now they know about the arbitration agreement. It looks like it applies the acquiesce, but of course they don't know about the FAA, would be accurate. And then when they're told that, I mean, that's what's so hard about the case. So is there, I mean, one might think that you're not locked in. Are you locked in as soon as you file the complaint? Are you locked in if, let's say, you didn't know about the statutory provision? Could you then at some point before there are any real proceedings say, Judge, we'd like to enter our election now? I think we'd be here in a much different procedural posture if that had happened. If the district court had reached out, asked for a briefing about it, I think it's a different case and we might not be up on appeal. What we had is a situation, I think, I doubt this court or many other court of appeals are going to see this scenario before where the record reflects a choice to go to arbitration and the district court said, no, you're staying here anyway. The first you guys learned of the EFAA was when you got the opinion? So I was aware of it because I'm in my employment practice and we had put out blasts to clients and everything. The first that we had learned that it was an issue in this case was when we got the opinion. All right. I think we got your arguments. Thank you so much to all three of you for your helpful arguments and thank you for answering our questions, which we always appreciate. Thank you. It's always an honor to be here. Thank you very much. The case will be submitted and the clerk may call the third case.